# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br><br>IRENE ALEJO-HERNANDEZ,<br><br>            Defendant. | Case No. 2:22-cr-00106-APG-NJK<br><br>ORDER<br><br>(Docket No. 53) |

Pending before the Court is Defendant's motion for return of Mexican Consular Identification Card. Docket No. 53. The Court has considered Defendant's motion, the United States' response, Defendant's reply, representations at hearing, and the United States' supplemental notice. Docket Nos. 53, 54, 55, 59, 60. For the reasons stated below, the Court **GRANTS** the motion.

On May 4, 2022, law enforcement agents executed a search warrant at Defendant's residence wherein they seized, among other things, her Mexican Consulate Identification card. Docket No. 54 at 3. On the same day, Defendant was charged by complaint with conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(i). Docket No. 1. On May 6, 2022, at her initial appearance on this charge, Defendant was released pending trial with certain conditions, none of which included using her true name or not possessing false identification. Docket Nos. 2, 10.

On June 28, 2022, nearly two months after her identification card was seized and after the United States refused to return it to her, Defendant filed the instant motion. *See* Docket No. 53. Defendant submits that this card is her only form of identification and that she needs it to, *inter*

*alia*, "register her three young children for school, obtain a Nevada driver authorization card, and request assistance from the Mexican consulate." *Id*. at 1. The United States opposes Defendant's request because, it claims, her husband "is believed to have been creating fake identifications" and the United States does not know if Defendant's card is valid and "may be". Docket No. 54 at 5. As a result of the belief regarding Defendant's husband and the unknown possibility that the card may be needed for deportation proceedings, the United States submits that the investigation into this Defendant is ongoing. *Id*. at 6-7.

The Court set a hearing on this motion. Docket No. 56. At the hearing, Defendant represented that the Consular Identification Card is currently her only identification card and that she needs it to obtain a Nevada identification card, as well as to register her children – including twins with special needs – for school and take them to doctor appointments. Despite the fact that, by the time of the hearing, nearly three months had passed since the seizure of the card, the United States continued to represent that it did not know whether the card was valid.[1] The United States represented that the case agent had been assigned to the border and had not gotten around to determining the validity of the identification card. The Court ordered the United States to make a determination as to the validity of the card and file notice on the docket no later than August 5, 2022, three days after the hearing. On August 5, 2022, the United States filed notice on the docket that Defendant's Mexican Consular Identification Card is valid and Defendant can now retrieve it.

The Court has grave concerns regarding the actions of Joshua Brister, the Assistant United States Attorney assigned to this case. He knew, at least as of June 28, 2022, when Defendant's motion was filed, that she was the sole caretaker of her children, including twins with special

---

[1] The United States made this representation despite conceding, upon the Court's questioning, that the card contains Defendant's true name, date of birth, and picture.

needs, that the Consular Identification Card was her only form of identification and that, without it, she was unable to obtain other identification, register her children in school, or take them to medical appointments.  Docket No. 53 at 2.[2]  Despite this knowledge, AUSA Brister made no attempt to verify the validity of the identification card and, instead, spent his resources on opposing the motion.[3]

"[T]he ethical bar is set higher for the prosecutor than for the criminal defense lawyer - a proposition that has been clear for at least seven decades …" *United States v. Weatherspoon*, 410 F.3d 1142, 1148 (9th Cir. 2005).  "The [prosecutor] is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935) (overruled on other grounds by *Stirone v. United States*, 361 U.S. 212 (1960)).  The prosecutor's duty to seek the truth and vindicate the demands of justice distinguishes his role from that of ordinary trial counsel.  As the United States' representative, the prosecutor may not assume "the role of an architect of a proceeding that does not comport with standards of justice." *Brady v. Maryland*, 373 U.S. 83, 88 (1963).

---

[2]   AUSA Brister clearly knew this information prior to June 28, 2022, as Defendant's motion states that her counsel called and emailed him to request the return of her card.  Docket No. 53 at 2.  As the Court does not know the dates of those calls and emails, however, the Court uses the date of the filing of Defendant's motion.

[3]   The Court is not persuaded in any way by AUSA Brister's representation regarding the case agent's physical location during the relevant period of time.  The Court takes judicial notice that the Drug Enforcement Administration has numerous agents in Las Vegas at all times and one of them could easily have taken the time to make the determination as to whether the identification card was valid.  The fact that the information was obtainable within the time ordered by the Court demonstrates the ease with which the United States could have determined this information several months ago.

AUSA Brister appears to have allowed the prospect of winning the instant motion take precedence over his prosecutorial obligations. Instead of making a determination as the whether the one form of identification Defendant has is valid, even after he knew the important reasons she needed it, AUSA Brister spent his time opposing the motion and arguing vehemently against it in court. The Court has serious concerns regarding these actions.

The Court hereby **GRANTS** Defendant's motion. Docket No. 53. The Court **ORDERS** the United States to return Defendant's Mexican Consular Identification Card to her attorney no later than **4:00 p.m.** today, **August 5, 2022**. The Court further **ORDERS** AUSA Brister to provide a copy of this order to both his direct supervisor and criminal chief, no later than **4:00 p.m.** today, **August 5, 2022**, so that they can determine whether any further steps need to be taken. The Court further **ORDERS** AUSA Brister to file notice on the docket, no later than **5:00 p.m.** today, **August 5, 2022**, that he has complied in full with this order.

IT IS SO ORDERED.

DATED: August 5, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE